IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:05-CR-59-BO

| | |
|---|---|
| TOMMY WIGGINS, ) | |
| ) | |
| Movant/Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the Court on petitioner's motion to abate for lack of subject-matter jurisdiction due to constitutional violations. [DE 55]. The government responded by moving to dismiss. [DE 58]. For the reasons stated herein, the government's motion to dismiss is GRANTED.

## BACKGROUND

On or about March 9, 2005, petitioner was indicted on a charge of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g). [DE 1]. In August 2005, petitioner was found guilty at a bench trial. [DE 18]. On August 22, 2005, petitioner was sentenced to 188 months' imprisonment and five years of supervised release. [DE 25]. Petitioner appealed, the court of appeals affirmed, and the mandate issued. [DE 23, 32, 33].

On July 28, 2008, petitioner filed a motion to vacate under 28 U.S.C. § 2255. [DE 36]. The motion and certificate of appealability were denied. [DE 45, 50]. Petitioner now moves to abate for lack of subject matter jurisdiction due to constitutional violations. [DE 55]. Petitioner's motion also requests relief in the alternative pursuant to 18 U.S.C. § 3742. *Id.*

## DISCUSSION

Petitioner's motion requests that the Court reverse his conviction. Petitioner has previously filed a motion pursuant to 28 U.S.C. § 2255.

The Antiterrorism and Effective Death Penalty Act of 1996 provides that a second or successive petition must be certified by a panel of the appropriate court of appeals to contain either "newly discovered evidence . . . or a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. 2255(h)(1)–(2). Absent pre-filing authorization, this Court lacks jurisdiction to consider a second or successive petition. *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003).

Despite the pains petitioner makes to establish that the instant petition is not one for relief under § 2255, the Court can construe it as such depending on the nature of the claim presented and relief requested. *See Winestock*, 340 F.3d at 206–07. The issue then becomes whether the instant motion is properly construed as one for relief under § 2255. In making this determination, "[t]here may be no infallible test . . . but a relatively straightforward guide is that a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application." *Id.* at 207.

Here, as the grounds for relief raised in the instant motion do precisely that: directly attack petitioner's conviction. [DE 55] ("Wherefore, the defendant respectfully ask that this court exercise its discretion and reverse the defendant's conviction due to the violations of the defendant's constitutional due process rights that were never afforded him."). As such, petitioner's motion is properly construed as a second or successive § 2255 petition, and this Court lacks jurisdiction to consider it without pre-filing authorization from the court of appeals. Further, petitioner is not required to receive notice of the Court's re-characterization of the

2

motion as it has been found to be second or successive. *See United States v. Emmanuel*, 288 F.3d 644, 650 (4th Cir. 2002); *United States v. Cooley*, 332 F. App'x 886, 887 (4th Cir. 2009) (unpublished) (per curiam). For all these reasons, the Court finds that the instant motion is properly construed as a motion for relief pursuant to § 2255 and, as such, it is second or successive without prior approval by the court of appeals, so this Court does not presently have jurisdiction to rule on the motion.

Defendant has also moved, in the alternative, for relief under 18 U.S.C. § 3742. This provision discusses review of a sentence, including appeal by a defendant, which is presumably the section under which petitioner now moves. However, the time for a defendant's notice of appeal in a criminal case must be within fourteen (14) days of either when judgment is entered or the government notices an appeal. Fed. R. App. P. 4(b). Here, petitioner has waited nearly ten years; moreover, petitioner has already appealed in this case. [DE 23, 32, 33]. Therefore, § 3742 provides no relief for petitioner either.

## CERTIFICATE OF APPEALABLITY

Rule 11 of the Rules Governing Section 2255 Cases provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined that petitioner is not entitled to relief and the government is entitled to dismissal of the petition, the Court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition. After reviewing the claims presented in the petition in light of the applicable standard, the Court finds that the petitioner's claims are not deserving of encouragement to proceed further. This Court hereby DENIES petitioner a certificate of appealability.

## CONCLUSION

For the foregoing reasons, the motion to abate is properly construed as a second or successive § 2255 petition that this Court is without jurisdiction to consider. Accordingly, the government's motion to dismiss [DE 58] is GRANTED and the construed petition is DISMISSED WITHOUT PREJUDICE. [DE 55]. A certificate of appealability is DENIED as to this issue.

SO ORDERED, this the 13 day of July, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE